## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES J. BOYUK, JR., | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. 2:22-cv-124 |
| | ) |
| PETROCHEM INSULATION, INC., | ) |
| | ) |
| Defendant. | ) |

## NOTICE OF REMOVAL

Defendant Petrochem Insulation, Inc. ("Petrochem" or "Defendant") hereby notices the removal of this action, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, to the United States District Court for the Western District of Pennsylvania, and as grounds therefore states:

**I.   Removal is timely.**

1. On or about December 2, 2021, Plaintiff James J. Boyuk, R. ("Plaintiff") filed a Class Action Complaint ("Complaint") against Defendant in the Court of Common Pleas of Beaver County, Pennsylvania, Civil Action No. 2021-11624. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Complaint is attached as **Exhibit A**.

2. Defendant first received a copy of the Complaint on December 22, 2021.

3. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal has been timely filed within 30 days after Defendant received the Complaint.

## II.   Venue is proper in this Court.

4. The Court of Common Pleas of Beaver County, Pennsylvania is located within the United States District Court for the Western District of Pennsylvania. 28 U.S.C. § 118.

5. Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

## III.   Removal is proper.

5. This action is properly removable under 28 U.S.C. § 1441(a) because this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a), which provides: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States. . . ." *Id.*

### A.   Complete diversity of citizenship exists.

6. Plaintiff is a resident and citizen of Ohio. (Ex. A, Compl. at ¶ 1).

7. A corporation shall be deemed to be a citizen of every state and foreign state by which it has been incorporated and of the state or foreign state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). A corporation has its principal place of business where its high level officers direct, control, and coordinate the corporation's activities, i.e., its "nerve center," which will typically be found at its corporate headquarters. *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010).

8. Petrochem is a corporation incorporated and organized in the state of California with its headquarters and principal place of business in Tempe, Arizona. (Ex. A, Compl. at ¶ 2). Thus, Petrochem is a citizen of California and Arizona. *See* 28 U.S.C. §1332(c)(1); *Hertz*, 559 U.S. at 93.

9. Accordingly, complete diversity of citizenship exists.

**B.     The amount in controversy exceeds $75,000.**[1]

10.     In evaluating the amount in controversy, courts look first to the complaint filed in state court. *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 398 (3d Cir. 2004).

11.     Plaintiff asserts claims to recover damages for alleged violations of the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.101, *et seq.* (Ex. A, Compl. at ¶¶ 20-24). Specifically, Plaintiff is seeking damages for alleged unpaid overtime wages, prejudgment interest, costs, and attorney's fees. (*Id.* at Prayer for Relief).

12.     However, the Complaint does not state the amount of damages Plaintiff seeks, nor does the Complaint explicitly limit the amount in controversy to $75,000 or less. (*See* Ex. A, Compl. at ¶¶ 1-24).

13.     Where, as here, the state court complaint does not state the amount demanded and does not explicitly limit the amount in controversy to $75,000 or less, courts look to the notice of removal to determine the amount in controversy. *Frederico v. Home Depot*, 507 F.3d 188, 197 (3d Cir. 2007); *see also* 28 U.S.C. § 1446(c)(2)(A)(ii). "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

14.     Plaintiff's claims for unpaid overtime wages, prejudgment interest, and attorney's fees and costs—and, therefore, the amount in controversy—exceeds $75,000.

15.     Turning first to the amount of Plaintiff's alleged unpaid overtime wages, Plaintiff alleges that he was not compensated for various activities that he engaged in before clocking in at the beginning of his workday. (Ex. A, Compl. at ¶ 10). According to Plaintiff, these activities included,

---

[1] Defendant does not concede that it has violated the Pennsylvania Minimum Wage Act or engaged in any unlawful behavior. Defendant's assertions in this Notice relating to Plaintiff's potential ability to recover various forms of damages are made solely for the purpose of demonstrating that the amount in controversy exceeds $75,000.

but are not limited to, (i) traveling by shuttle bus from the parking lot to the Monaca project; (ii) waiting for the shuttle bus at the parking lot; (iii) walking from the shuttle bus to his assigned facility within the Monaca project; (iv) obtaining and donning personal protective equipment; and (v) traveling from his assigned facility to the initial job assignment. (*Id.*). Plaintiff does not specify how much time he spent on these allegedly compensable pre-workday activities; however, his allegations suggest that he might have spent at least 30 minutes per day performing these pre-workday activities.

16. Plaintiff also alleges that he was not compensated for various activities that he engaged in after clocking out at the end of his workday. (Ex. A, Compl. at ¶ 11). According to Plaintiff, these activities included, but are not limited to, (i) traveling from the last job assignment to the facility to which he was assigned; (ii) doffing and storing personal protective equipment; (iii) waiting for the shuttle bus; and (iv) traveling by shuttle bus from the Monaca project to the parking lot. (*Id.*). Plaintiff also does not specify how much time he spent on these allegedly compensable post-workday activities; however, his allegations suggest that he might have spent at least 30 minutes per day performing these post-workday activities.

17. Thus, based on Plaintiff's allegations, he was not compensated for a total of 1 hour of work each day he worked on the Monaca project.

18. Plaintiff avers that he worked on the Monaca project for Defendant from September 9, 2019 to October 22, 2020, which equates to 58 weeks and 4 days. (Ex. A, Compl. at ¶ 7). Plaintiff also avers that he typically worked over 40 hours per workweek, which (given his alleged hours of work) means that he typically worked six days per week. (*Id.* at ¶ 8). Assuming conservatively that "typically" means just 75% of the time, Plaintiff's alleges that he worked 261 days on the Monaca project.

19. The complaint does not specify the hourly rate that Plaintiff was paid on the Monaca project. (*See* Ex. A, Compl. at ¶¶ 5-11). Plaintiff worked as a mechanic on the Monaca project. The hourly rate paid to mechanics on the Monaca project ranged from $70.95 to $109.70.

20. Accordingly, based on the allegations in the Complaint, Plaintiff's claim for unpaid overtime wages ranges from $27,776.93 (($70.95 per hour x 1.5) x 1 hour/day x 261 days) to $42,947.55 (($109.70 per hour x 1.5) x 1 hour/day x 261 days).

21. In addition , provided they are recoverable under the applicable statute, attorney's fees and costs are included when calculating the amount in controversy. *Frederico v. Home Depot*, 507 F.3d 188, 199 (3d Cir. 2007).

22. The PMWA provides for the recovery of attorney's fees and costs. 43 P.S. § 333.113.

23. Therefore, the amount of attorney's fees and costs that Plaintiff could recover must be included in the amount in controversy. *See e.g., Espinoza v. Atlas Railroad Construction, LLC*, 657 F. App'x 101, 103 n. 3 (3d Cir. Nov. 30, 2016) (holding that removal was proper an concluding that "[t]he amount in controversy exceeds $75,000 based primarily on the amount of attorney's fees that may be awarded under 43 Pa. Stat. § 333.113 if [plaintiff] prevailed.").

24. Based on the fees and costs awarded to Plaintiff's attorneys in similar cases, it is plausible that Plaintiff's attorney's fees and costs alone will exceed $75,000.

25. For example, in a case filed by Plaintiff's counsel, Attorney Winebrake, asserting claims for unpaid overtime wages under the PMWA, plaintiffs were awarded less than $15,000 in unpaid overtime wages and $76,066.78 in attorney's fees and costs. Copies of the Motion for Attorney's Fees and Costs and Memorandum and Order are attached as **Exhibit B**. In another case filed by Attorney Winebrake asserting similar claims, default judgment was entered against the defendant and the plaintiff was still awarded $16,002 in attorney's fees and costs. A copy of the Order is attached as **Exhibit C**.

26. Accordingly, it is more than plausible that the amount in controversy attributable to Plaintiff exceeds $75,000. *See Espinoza*, 657 F. App'x at 103 n. 3.

### C. This Court has original jurisdiction.

27. Because there is complete diversity or citizenship and the amount in controversy exceeds $75,000, this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a).

28. This Court has supplemental jurisdiction over the putative class members pursuant to 28 U.S.C. § 1367. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 549 (2005) (holding that 28 U.S.C. § 1367 permits a federal court to exercise supplemental jurisdiction over the claims of all class members so long as the amount in controversy attributable to the named plaintiff exceeds $75,000).

29. No substantive proceedings have taken place since Plaintiff filed the Complaint. Attached as **Exhibit D** is the docket sheet from the Court of Common Pleas of Beaver County, Pennsylvania.

30. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal, with a Notice of the Filing of the Notice of the Removal, will be promptly filed with the Court of Common Pleas Court of Beaver County, Pennsylvania and a copy will be served on counsel for Plaintiff. A true and correct copy of the Notice of Filing of Notice of Removal is attached as **Exhibit E**.

31. By filing this Notice of Removal, Defendant does not waive or intend to waive any defense, including but not limited to insufficiency of process and insufficiency of service of process.

WHEREFORE, Petrochem Insulation, Inc. respectfully requests that this Court take jurisdiction of this action and issue all necessary orders and process to remove it from the Court of Common Pleas of Beaver County, Pennsylvania to the United States District Court for the Western District of Pennsylvania.

| | |
|---|---|
| Date: January 20, 2022 | Respectfully submitted,<br><br>OGLETREE DEAKINS<br><br>*/s/Richard L. Etter*<br>Richard L. Etter, Esq.<br>PA ID No. 92835<br>rick.etter@ogletree.com<br><br>One PPG Place, Suite 1900<br>Pittsburgh, PA 15222<br>Telephone:  412.394.3390<br>Fax:  412.232.1799<br><br>*Attorneys for Defendant* |

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 20th day of January, 2022, a true and correct copy of the foregoing Defendant's Notice of Removal was served via the Court's CM/ECF filing system and via e-mail on Plaintiff's attorneys at the following addresses:

|  |  |
|---|---|
| Timothy Conboy | Peter Winebrake |
| ConboyLaw, LLC | R. Andrew Santillo |
| 201 Franklin Avenue | Mark J. Gottesfeld |
| Scranton, PA 18503 | WINEBRAKE & SANTILLO, LLC |
| tim@ConboyLaw.com | 715 Twining Road, Suite 211 |
|  | Dresher, PA 19025 |
|  | pwinebrake@winebrakelaw.com |
|  | asantillow@winebrakelaw.com |
|  | mgottesfeld@winebrakelaw.com |

*Attorneys for Plaintiff*

/s/ *Richard L. Etter*
Richard L. Etter